UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RANGEL,<br><br>    Plaintiff,<br><br>v.<br><br>CHEN, et al.,<br><br>    Defendant. | 1:15-cv-01349-DAD-MJS (PC)<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION REQUESTING MORE TIME FOR DISCOVERY**<br><br>**(ECF Nos. 29, 30)**<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. This matter proceeds on Plaintiff's original complaint against Defendant Nurse A. Manasrah on an Eighth Amendment medical indifference claim.

    On February 7, 2017, Defendant filed a motion for summary judgment. Plaintiff now moves for an extension of time to file an opposition to Defendant's motion. (ECF No. 29.) He also moves for additional time to conduct discovery pursuant to Federal Rule of Civil Procedure "56(f)." (ECF No. 30.) The Court construes this latter motion as one brought pursuant to Rule 56(d).[1]

    "Rule 56(d) 'provides a device for litigants to avoid summary judgment when they

---

[1] Rule 56(d) does not provide the relief that Plaintiff seeks. Instead, it authorizes a court to grant summary judgment independent of a motion.

1

have not had sufficient time to develop affirmative evidence.'" Atigeo LLC v. Offshore Ltd., 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)). Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion, deny the motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) requires the nonmovant to show "(1) it has set forth in affidavit form specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (holding that the district court did not abuse its discretion in denying a continuance where the facts sought through further discovery were only "generically relevant" and the nonmoving party failed to show how the evidence was "essential" to oppose summary judgment). The party requesting a continuance must explain how the specific facts that it seeks would preclude summary judgment. Tatum v. City & Cty. of S.F., 441 F.3d 1090, 1100-01 (9th Cir. 2006) (citing California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).[2] The Ninth Circuit's general rule is that "[a] continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Atigeo, 2014 WL 1494062, at *3.

      Plaintiff proffers two reasons in support of his motion to conduct additional discovery to oppose Defendant's motion for summary judgment. First, he claims that additional time is needed because he is proceeding in pro per and only recently learned what an interrogatory was. Next, he claims that he now "sees that he has a lot of work to

---

[2] On December 1, 2010, Federal Rule of Civil Procedure 56(f) was renumbered and is now Federal Rule of Civil Procedure 56(d). The advisory committee's notes to Rule 56 regarding the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's notes. Thus, the cited authorities that refer to Rule 56(f) provide guidance on matters related to the current Rule 56(d). Id.

do in the preparation of his Opposition Motion," including researching applicable law and gathering evidence.

On review, the undersigned concludes that Plaintiff is not entitled to relief under Rule 56(d). His motion is not accompanied by an affidavit setting forth the specific facts he hopes to elicit from discovery, and he fails to explain how the sought-after facts are essential to oppose summary judgment. As for Plaintiff's pro per status, it is true that the Ninth Circuit has repeatedly cautioned that pro se litigants must be treated with liberality. See, e.g., Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.") Nonetheless, pro se litigants must follow the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc). "Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir. 1987), abrogated on other grounds by Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997). Finally, Plaintiff has not demonstrated diligence in seeking any discovery during the open discovery period.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 29) is GRANTED. Plaintiff shall file his opposition within thirty days from the date of this Order; and
2. Plaintiff's motion for additional time to conduct discovery (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated:   March 27, 2017          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

3